IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BILLY TYLER,<br><br>           Plaintiff,<br><br>vs.<br><br>UNITED HEALTH,<br><br>           Defendant. | 8:23CV220<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Billy Tyler filed a Complaint on May 25, 2023. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 6. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff captions his Complaint as a "civil action diversity." Filing No. 1 at 2. In its entirety, Plaintiff's Complaint sets forth only the following allegations:

> As is indicated by the annexed exhibit defendants have stolen $248.00 of Plaintiff's money entrusted to them by "SSA."
>
> In January of 2023 "SSA" allowed money for utilities so we entrusted money to Defendant to pay such "utilities" not ever knowing that defendants would steal such money under guise of check being refused by "MUD" metropolitan utilities district and defendants would steal money as said feigning that money put back and we didn't claim it in time and thus money forfeited.
>
> We pray $500,000[,]000.00 damages and institution that no money from "SSA" to senior citizen like Plaintiff be taken by Defendants at any time [and] that our $248.00 dollars be given back to us along with $500000000.00 punitive damages be awarded plus whatever else Court deems just and meet in the premises.

*Id.* at 2–3. Though Plaintiff refers to an "annexed exhibit," no exhibits are attached to the Complaint. *See* Filing No. 1.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

In evaluating Plaintiff's claims, the Court must determine whether subject-matter jurisdiction is proper. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, a plaintiff must sufficiently state a claim for relief that contains, "a short and plain statement of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Liberally construed, Plaintiff's Complaint alleges either a state-law tort or breach of contract claim against Defendant United Health. However, the Complaint fails to establish that the Court may properly exercise subject matter jurisdiction over Plaintiff's claim.

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Original jurisdiction of the federal district courts over civil actions is generally set forth in 28 U.S.C. §§ 1331 and 1332.

Subject-matter jurisdiction under 28 U.S.C. § 1331, commonly referred to as "federal question" jurisdiction, is proper when a plaintiff asserts a claim arising under a federal statute, the Constitution, or treaties of the United States. McLain v. Andersen Corp., 567 F.3d 956, 963 (8th Cir. 2009). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir. 1990). Here, the allegations of Plaintiff's Complaint do not establish the requisite "federal question" for the Court to exercise jurisdiction under § 1331.

Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Liberally construed, Plaintiff alleges diversity jurisdiction as the basis for the Court's jurisdiction, Filing No. 1 at 2, but Plaintiff's allegations fail to establish either complete diversity of the parties or the jurisdictional amount in controversy. First, Plaintiff alleges no information about Defendant's citizenship, or even any identifying information about Defendant, to permit the Court to determine whether the parties are indeed diverse. Additionally, Plaintiff alleges an amount in controversy of only $248.00, far below the requisite $75,000.00 amount. Plaintiff's request for $500,000,000.00 in punitive damages cannot satisfy the amount in controversy as Nebraska law does not allow punitive damages. *Hill v. Toma*, No. 8:21CV422, 2021 WL 6012059, at *2 (D. Neb. Dec. 17, 2021) (citing *O'Brien v. Cessna Aircraft Co.*, 903 N.W.2d 432, 458 (Neb. 2017) ("Under Nebraska law, punitive, vindictive, or exemplary damages contravene Neb. Const. art. VII, § 5, and thus are not allowed in this jurisdiction.") (internal quotation marks and citations omitted)). Moreover, even when punitive damages are included in the amount in controversy calculation, "the existence of the required amount must be supported by competent proof." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (quoting *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342,

348 (8th Cir. 2007)). Nothing in the Complaint supports the conclusion that Defendant's alleged misappropriation of $248.00 from Plaintiff warrants a punitive damages award over two million times the actual damages amount. As a result, the Complaint's allegations fail to establish that subject-matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

On the Court's own motion, Plaintiff will be given 30 days to file an amended complaint that clearly sets forth a basis for this Court's jurisdiction. If Plaintiff chooses to amend his Complaint, he must comply with the Federal Rules of Civil Procedure. Specifically, Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Wit v. City of Lincoln, Nebraska, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing Iqbal, 556 U.S. at 678).

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendant will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **June 6, 2024**, to file an amended complaint that clearly sets forth a basis for this Court's jurisdiction. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2. The Clerk of the Court is directed to set the following pro se case management deadline: **June 6, 2024**: check for amended complaint.

Dated this 7th day of May, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge